UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SOLDAN,

    Petitioner,                                                          Case No. 18-cv-13609
                                                                       Hon. Matthew F. Leitman

v.

JOHN CHRISTENSEN,

    Respondent,
_____/

**ORDER (1) GRANTING MOTION TO STAY CONSIDERATION OF PETITION FOR WRIT OF HABEAS CORPUS (ECF #13), (2) DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (ECF #8), AND (3) ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Richard Soldan is a state prisoner in the custody of the Michigan Department of Corrections. On November 19, 2018, Soldan filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Petition, ECF #13.) In the petition, Soldan challenges the revocation of his parole. (*See id.*)

On May 29, 2019, Respondent filed a motion to dismiss the petition in which he argued that Soldan's claims are unexhausted. (*See* Mot to Dismiss., ECF #8.) Soldan thereafter filed a motion to stay consideration of the petition pending the exhaustion of his state-court remedies. (*See* Mot. to Stay, ECF #13.) In *lieu* of dismissing the petition without prejudice, the Court **GRANTS** Soldan's motion to stay, **DENIES WITHOUT PREJUDICE** Respondent's motion to dismiss, holds the petition in abeyance, and **STAYS** the proceedings under the terms outlined in

1

this order to permit Soldan to exhaust his additional claims in state court. If Soldan fails to comply with the terms of this order, the Court will dismiss the petition without prejudice.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.303(3), provides an inmate whose parole has been revoked the right to seek judicial review of the parole board's decision with the circuit courts in Michigan. *See Penn v. Department of Corrections*, 298 N.W. 2d 756 (Mich. App. 1980); *Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D. Mich. 1988). If the circuit court denies relief, a petitioner may seek further review in the Michigan Court of Appeals and Michigan Supreme Court.

Here, Soldan's motion for review is currently pending in the Gratiot County Circuit Court. His challenge to the revocation of his parole has thus not been fully exhausted.

To avoid complications with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the

petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here.

Accordingly, **IT IS HEREBY ORDERED** that Soldan's motion to stay consideration of his habeas petition while he pursues his state-court remedies (ECF #13) is **GRANTED**. This stay is conditioned upon Soldan fully exhausting his state-court remedies, including seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court (in the manner provided under Michigan law), if the circuit court denies relief. The stay is further conditioned on Soldan's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. *See*, *e.g.*, *Wagner v. Smith* 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Soldan fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims (if any). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that given the resolution described above, Respondent's motion to dismiss (ECF #8) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket

entry shall be construed as an adjudication of any of Kennard's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: June 12, 2019

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2019, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (810) 341-9764